Richardson, J.
delivered the opinion of the Court.
The act of 1801, 1 Faust, 392, creates the City Court, and constitutes it a Court of record, “ possessing,” in the language *459 of the first enacting clause, “ concurrent jurisdiction with the Court of Common Pleas,” to a limited amount. In the fourth enacting clause the jurisdiction is made to extend “ to the maintaining of all actions, suits and prosecutions, for the recovery of any debt or sum of money arising on contract, express or implied and the fifth clause exempts non residents from the jurisdiction, <&c. The question now is,, whether administrators and executors shall also be exempt.
It is urged, that they are not named in the act; but the same may be said of any other class of litigants, for none are expressly named, while the contraéis of all are embraced within the jurisdiction. If we exempt one class, we may, for the same reason, exempt all, and destroy the city jurisdiction by successive exemptions, which brings the position taken to an absurdity. With great plausibility it is urged, that the defendant might, by his rightful plea of plene administravit, bring into controversy an amount greater than is within this limited jurisdiction. Assuredly this may occur, but it must first occur, before we need decide such a case; and whenever there is found necessarily involved in a case, prima facie within the jurisdiction, matter which is without the power of the Court to decide, the particular case may very possibly be excepted from the jurisdiction. But there is nothing in the constitution of the Court which necessarily disables it from deciding upon any plea which an administrator m.ay put in; and long practice proves that it may safely adjudge the issue made upon the plea of plene adminis-travit.
The New-York cases from 1 Caines, 191, and 1 Johns. Ca. 228, evidently turned upon the construction of a particular statute, and do not reach the case, or act, before us. They shew, however, the wholesome vigilance, with which inferior Courts are kept within their delegated jurisdiction. I will take the occasion of noticing in what this vigilance, which is often urged to extravagance, really consists.
It is true, that Courts of limited jurisdiction are like particular agents; we must see their authority before we regard their decisions as lawful: but seeing it, we are to respect it, and their authority is not the less certain because specific and confined. The Supreme Court of the United States is one of particular and limited jurisdiction; and yet, although expressly bound *460 down by the constitution to powers strictly delegated; although ve!’y confi,le<l in its objects, how sovereign and unrestrained that Court within its limits. It is even so with every Court of particular and limited jurisdiction, and we require to see the evidence of its authority, as much in the instance of the Supreme Court of the United States, as in any other. The difference between these and Courts of common law and general jurisdiction is, that the latter, as a general rule, have their judicial authority proven jorima facie by the judicial act itself, which is ipso facto binding, until it appears, negatively, that the Court has not ¡the power. -
This is indeed no more, in principle, than the distinction between all genera] and particular agents. The constitution affords an example of each. The general powers of the State Legislature afford a striking illustration. Its legislative acts are ips" facto binding, unless we can find in the constitution a direct negative, and unavoidable estoppel. And why is this the case ? Because it has the legislative power, with only a few particular restrictions. At the same time another great department of the government, the Executive, created too by the constitution, is no more than a particular agent, under a delegation of limited powers, to which the Governor must always look before he acts; not to see if the executive power has been taken away, but if any povver has been given in the particular case, to enable him to act at all. ' And why this distinction between these great de-pa: tinenta? Because the framers of the Constitution saw fit to delegate to the Executive particular powers only, and not general powers, with restrictions.
It is the same with all Courts of limited and particular jurisdiction. They are strictly confined to the powers given: but we are not therefore. to seek to curtail their powers. Such Courts must not assume constructive pov.ers, i. e. powers not literally given, 01 necessarily consequent, upon those so given : but, on the other hand, we are not ourselves to practise the rule denied to them, and, by construction, to deprive them of powers specifically, generally, or necessarily given. To do either, would be to abuse rules most salutary, whenever, by the usurpation of power, there is iypum for their application. On the contrary, I hold that the tus measure of judicial vigilance, in this regard, is to maintain limited Courts, in perfect independence, *461 within the entire circle of their defined authority. Otherwise such Courts cannot be the independent agents of law and justice ; and the superior Courts, instead of being judges to restrain other tribunals from usurpation, would themselves usurp authority, by taking power from hands, to which it has been confided ; and where we ought to deem it safest, because it is so, confided.
Colcock, J. and Johnson, J. concurred.
Motion refused.